# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RODNEY ROLLINS, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH WILLETT, KERRY DURKIN, CURTIS PERRY, GENE SHEDORE, DEMETRIUS COOK, <br><br> Defendants. | No. 13 C 7211 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rodney Rollins has brought this action pursuant to 42 U.S.C. § 1983 against Joseph Willett, Kerry Durkin, Curtis Perry, Gene Shedore and Demetrius Cook for various constitutional violations in connection with his arrest. Defendants now move to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, Defendants' motion is granted.

## BACKGROUND

On June 27, 2012 Plaintiff was traveling northbound on Halsted St. in Glenwood, IL. Plaintiff turned into an Aldi Grocery store, and, upon exiting his vehicle, found that a police officer had pulled up behind him with his lights flashing. Sergeant Willet exited his vehicle, and two additional officers, Officer Shedore and Officer Perry arrived separately shortly thereafter.

This was apparently a traffic stop, though the record is not clear as to what prompted it. When Plaintiff was unable to produce a valid driver's license (he offered instead his Department of Transportation Number from his Motor Carrier Safety Registration), he was ordered out of the car, searched, and ultimately arrested. He was later charged with driving on a suspended or

1

revoked license.

On August 20, 2012 Plaintiff pled guilty to the charge, though he now asserts that he did so under duress. Plaintiff now brings this § 1983 action against the arresting officers, claiming numerous constitutional violations in connection with the arrest. Defendants have moved to dismiss for failure to state a claim.

## DISCUSSION

When considering a motion to dismiss for failure to state a claim, the court treats all well-pled allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir.2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

In *Heck v. Humphrey*, 512 U.S. 477, 489 (1994), the Supreme Court held that there is no cause of action under § 1983 when a judgment in favor of the plaintiff would necessarily imply the invalidity of an underlying conviction or sentence and that conviction or sentence itself has not been reversed or otherwise found invalid. Under *Heck*, any such would-be § 1983 claim must be dismissed.

The facts in *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004), provide a

2

helpful illustration of the principle. In an earlier criminal trial, Mr. Wiley had been convicted of a drug possession charge. In his subsequent § 1983 claim against the arresting officers, Mr. Wiley asserted that the officers had actually planted the drugs on him. Were Plaintiff to have prevailed on that claim, however, the outcome would have necessarily implied the validity of his earlier criminal conviction: a conviction for drug possession cannot be valid if law enforcement planted the drugs on the defendant. The § 1983 claim was *Heck*-barred. Mr. Wiley first had to successfully challenge the validity of his conviction through one of the permissible avenues (for example, by direct appeal or habeas corpus proceedings). Then, upon prevailing there, he could proceed with his § 1983 claim.

> It is worth noting, as Mr. Rollins asserts, that *Heck* does not bar all § 1983 claims.
>
> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n. 7 (emphasis in original, internal citations omitted).

Here, the underlying conviction at issue is for driving on a suspended or revoked license. Plaintiff was pulled over in an apparent traffic stop and could not produce a valid driver's license. Plaintiff now claims that this initial stop was in violation of his Constitutional rights. Plaintiff, who is proceeding pro se, is emphatic in his briefing that he does not seek to challenge the validity of his conviction. What Plaintiff must understand, however, is that the question raised by *Heck* is not simply whether he expressly *intends* to challenge the validity of his conviction.

The connection that Plaintiff apparently (and understandably) fails to make is that, were this initial stop found unconstitutional as he claims, the evidence thereafter acquired that led to

3

his conviction would have been inadmissible against him. Left without any evidence that he was driving on a revoked license, the conviction would not be valid. Claiming that the initial stop was unconstitutional thus necessarily implies the invalidity of his conviction, whether or not Plaintiff intends to do so.[1]

Before proceeding with this § 1983 claim, Plaintiff must first secure (if he still may timely do so) the reversal or similar invalidation of his conviction through permissible avenues for post-conviction challenges.

Plaintiff should also understand that his remaining claims fail, even if they are not *Heck*-barred. First, the law is clear that police may permissibly ask a vehicle's occupants "a moderate number of questions" and request identification. *U.S. v. Muriel*, 418 F.3d 720, 726 (7th Cir. 2005). Second, once Plaintiff failed to produce a valid driver's license, the law permitted the police officer to order Plaintiff out of the car and subject him to a full custodial search and arrest. U.S. v. Garcia, 376 F.3d 648, 650 (7th Cir. 2004).

Third, the seizure of Plaintiff's personal belongings was a permissible inventory search incident to a lawful arrest. *Illinois v. Lafayette*, 462 U.S. 640, 643-44 (1983). Fourth, the towing of Plaintiff's vehicle was permissible because the arrest was valid, Plaintiff did not produce a valid driver's license, and there was no other occupant to take possession of the vehicle. *See Davis v. City of Chicago*, 2011 WL 1692173, *9 (N.D.Ill. May 4, 2011).

Fifth, neither the Fourth Amendment, nor Plaintiff's substantive or procedural due process rights, provides a right of action for Plaintiff's claim that his house keys were illegally attached to his vehicle keys. Because the police had probable cause for the seizure, Plaintiff's Fourth protections were satisfied. Because there is no Fourth Amendment violation, nor any

---

[1] Plaintiff does not demonstrate that his § 1983 claim fits into one of the exceptions identified by the Court in *Heck* and recounted above. *See Heck*, 512 U.S. at 487 n. 7. As he is proceeding pro se, Plaintiff is entitled to some leniency in the review of his briefing, but I do not see in any event how any of the exceptions would save his claim.

4

other independent constitutional violation, and because Plaintiff has not shown that his state law remedies are inadequate to address his alleged injury, he cannot proceed with a substantive or procedural due process claim. *See Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003) (as to substantive due process); *Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002) (as to procedural due process).

Sixth, Plaintiff's allegations in support of his excessive force claim are wholly inadequate. Plaintiff complains that handcuffs were used, and states in conclusory fashion that Defendants used excessive force. This is not sufficient. The officers had probable cause to arrest Plaintiff, and under the circumstances could thus permissibly use handcuffs to effectuate the arrest. *U.S. v. Partee*, 2007 WL 3272477, *5 (E.D.Wis. Nov. 2, 2007); *see United States v. Askew*, 403 F.3d 496, 507 (7th Cir. 2005); *U.S. v. Garcia*, 376 F.3d 648, 650 (7th Cir. 2004). Seventh, Plaintiff's complaint that the officers did not identify themselves prior to his arrest also fails. Because it is not clearly established law that the Fourth Amendment requires police officers to identify themselves when carrying out an arrest in a public space, *see Catlin v. City of Wheaton*, 574 F.3d 361, 369 (7th Cir. 2009), Defendants are, at a minimum, entitled to qualified immunity. *Id*.

Eighth, Plaintiff cannot proceed on his failure to intervene claim because there is no evidence of excessive force, an unjust arrest, or any other constitutional violation. *See Yang. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Ninth, Plaintiff's claims against Mayor Kerry Durkin and Chief Demetrius Cook individually must fail because individual liability requires actual participation in the constitutional wrongdoing, and there are no such allegations here. *See Cygnar v. City of Chicago*, 865 F.2d 827, 847 (7th Cir. 1989). Finally, in open court on April 8, 2014 Plaintiff voluntarily dismissed the *Monell* claims that were apparently inadvertently

included in his complaint.

To be sure, much of the analysis above could unravel if Plaintiff were to show that the initial stop was somehow violative of the Constitution. But given that the conviction that resulted from the stop (and necessarily depended on its constitutionality for its validity) has not been overturned, a § 1983 action is not a permissible vehicle by which to make that showing. Again, assuming the limitations period has not run, Plaintiff may attack the constitutionality of the initial stop by pursuing the usual state court post-conviction remedies.

For the foregoing reasons, Defendants' motion to dismiss is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: May 19, 2014