UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RODNEY ROLLINS,

    Plaintiff,

v.

JOSEPH WILLETT, KERRY DURKIN,
CURTIS PERRY, GENE SHEDORE,
DEMETRIUS COOK,

    Defendants.

No. 13 C 7211
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this *pro se* action against Joseph Willett, Kerry Durkin, Curtis Perry, Gene Shedore, and Demetrius Cook (collectively "Defendants"), alleging that they violated his constitutional rights under 42 U.S.C. § 1983. I granted Defendants' motion to dismiss all counts of the complaint on May 19, 2014. After Plaintiff appealed, the Seventh Circuit reversed and remanded the matter with respect to Plaintiff's Fourth Amendment claim of unreasonable seizure. *Rollins v. Willett, et. al.*, 770 F.3d 575 (7th Cir. 2014). This case is presently before me on cross-motions for summary judgment with respect to this remaining claim.

### BACKGROUND

On June 27, 2012, Plaintiff was a resident of Glenwood, IL, and the owner of a 2002 dark-colored Cadillac DeVille. Sergeant Joseph Willett, Officer Gene Shedore, Officer Curtis Perry, and Chief Demetrius Cook were members of the Glenwood Police Department. Kerry Durkin was the Mayor of the Village of Glenwood.

On this morning, Plaintiff was driving to an Aldi's grocery store after leaving Aunt Martha's Hospital for a dental emergency. Uniformed and alone on routine patrol, Willet claims

that he observed Plaintiff driving northbound on Halsted Street in a dark-colored Cadillac with an expired registration sticker. Willet testified that he saw Plaintiff turn off Halsted and into an Aldi's parking lot. After Plaintiff had already exited his vehicle, Willet pulled up in a white SUV with his flashing lights turned on. Willett, the only officer on the scene at the time, ordered Plaintiff to get back into his vehicle, and Plaintiff complied.

Willett then approached Plaintiff's vehicle and asked him for his driver's license, registration, and proof of insurance. Plaintiff did not provide Willett with any of these documents, claiming that he "was traveling and not driving . . ." and "exempt [from the requirement to carry the documents] . . . as a traveler on the roadway." Instead, Plaintiff showed Willett his United States Department of Transportation number from his motor carrier safety registration. When Plaintiff asked Willett to identify himself, Willet responded with, "I don't have to do shit!"

Shortly thereafter, two other officers, Shedore and Perry, arrived at the scene. Plaintiff did not interact with either Mayor Durkin or Chief Cook at any time during the course of Plaintiff's stop or arrest.

Willett ran Plaintiff's name over dispatch and learned that his driver's license was suspended. Willett ordered Plaintiff out of his car, where he was handcuffed, searched, and placed in a squad car. Plaintiff's car was towed, and he was transported to the police station, where he was processed and charged with expired registration, driving on a suspended driver's license, and operating an uninsured motor vehicle. Plaintiff pled guilty to driving on a suspended license.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

After a properly supported motion for summary judgment is made, the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. To survive summary judgment, the opposing party must go beyond the pleadings and designate specific facts showing the existence of a genuine issue for trial. *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Moreover, evidence submitted in opposition to summary judgment must be admissible at trial under the Federal Rules of Evidence, although attested testimony, such as that found in depositions or affidavits, will also be considered. *Id.*; *Scott v. Edinburg*, 346 F.3d 752, 759–60 & n.7 (7th Cir. 2003).

The Court's role in deciding a motion for summary judgment "is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). The Court considers the facts in a light most favorable to the non-moving party. *Zuppardi v. Wal–Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). Summary judgment is appropriate if, on the evidence provided, no reasonable juror could return a verdict in favor of the non-movant. *Celotex Corp.*, 477 U.S. at

322; *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).

## DISCUSSION

**I.      Local Rule 56**

Under Local Rule 56.1(a)(3), as well as Rule 56(c), a party that moves for summary judgment must provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The opposing party must then "file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citing N.D. Ill. R. 56.1(b)(3)(B)). The opposing party may also present a separate statement of additional facts that requires the denial of summary judgment. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643–44 (7th Cir. 2008). Any uncontested fact in the movant's Rule 56.1 statement that is supported by the record and not addressed by the opposing party may be considered true. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *see also* Fed.R.Civ.P. 56(e)(2); Local Rule 56.1(b)(3)(C).

A plaintiff's *pro se* status does not excuse him from complying with these rules. *Greer v. Bd. of Educ. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Local Rule 56.1 "is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir.2011) (citation omitted).

Consistent with the Local Rules, Defendants filed a 56.1(a)(3) statement of uncontested material facts along with their motion for summary judgment. In this filing, Defendants

presented 23 substantive assertions of fact. Also consistent with the Local Rules, Defendants filed and served on Plaintiff a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1.

Plaintiff then filed his Local Rule 56.1(b)(3)(B) response and Local Rule 56.1(a)(3) statement of facts for his own summary judgment motion in one combined document. Defendant argues that Plaintiff's filing fails to comply with the Local Rules because they were not filed separately. Defendant also argues that Plaintiff's 56.1(b)(3)(B) filing is improper because it does not explicitly state whether it is actually admitting or denying each of Defendant's 23 factual assertions, and that Plaintiff's 56.1(a)(3) is improper because it is full of legal arguments and conclusions.

Although Plaintiff did not strictly comply with the Local Rules, his violations are not egregious, and I will consider everything that he submitted that does comply with the Local Rules.

## II.     Summary Judgment

To prove a claim under § 1983, a plaintiff must show that a person acting under color of state law deprived him of a right, privilege, or immunity secured either by the Constitution or federal law. *See, e.g., Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). Based on the Seventh Circuit opinion, *Rollins v. Willett, et al.*, 770 F.3d 575 (7th Cir. 2014), there is only one issue to consider here: whether Willett's initial seizure of Plaintiff and request for his driver's license, registration and proof of insurance violated the Fourth Amendment.

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. Amend. IV. "The Fourth Amendment's requirement that searches and

seizures be founded upon an objective justification, governs all seizures of the person, including seizures that involve only a brief detention short of traditional arrest." *United States v. Mendenhall*, 446 U.S. 544, 551 (1980) (internal quotations and citations omitted).

A seizure occurs whenever an objective evaluation of a police officer's show of force conveys the message that the citizen is not entirely free to leave. *California v. Hodari D.*, 499 U.S. 621, 640 (1991); *see also Maldonado v. Pierri*, 08 C 1954, 2010 WL 431478, at *6 (N.D. Ill. Feb. 1, 2010) ("This moment-when Maldonado exited the vehicle, noticed the officers, and yielded to their show of force-is also when the seizure began."). Willett concedes that Plaintiff was seized when he complied with Willett's orders and returned to his vehicle. *See Hodari D.*, 499 U.S. 621; *see also Maldonado*, 08 C 1954, 2010 WL 431478.

If Willett had probable cause to arrest Rollins, Plaintiff's seizure was constitutional, and there is no liability under Section 1983. *Jones v. City of Elkhart*, 737 F.3d 1107, 1114 (7th Cir. 2013); *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007). Police officers have probable cause to arrest an individual when "the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed" an offense. *Davis v. City of Chicago*, No. 09-CV-778, 2011 WL 1692173, at *4 (N.D. Ill. May 4, 2011) (citing *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998)). Where all of the relevant facts are undisputed, the determination of whether an officer had probable cause to arrest a person is a legal question for a judge to consider, not a question for the jury. *See Bridewell v. Eberle*, 730 F.3d 672, 676 (7th Cir. 2013).

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred." *Moorish Nat. Republic: £Federal Gov't Moorish Divine & Nat. Movement of the World v. City of Chicago*, No. 10-CV-

1047, 2011 WL 2893024, at *7 (N.D. Ill. July 19, 2011) (quoting *Whren v. United States*, 517 U.S. 806, 810 (1996)). "This is true even though the offenses may be punishable only by fine." *Id*. (citing *Antia v. Thurman*, 914 F. Supp. 256, 258 (N.D. Ill. 1996)). Under Illinois law, no person "shall operate a vehicle or permit the operation of a vehicle, upon which is displayed an Illinois registration plate, plates or registration stickers after the termination of the registration period for which issued or after the expiration date set pursuant to sections 3-414 and 3-414.1" of the code. 625 ILCS 5/3-413(f).

Plaintiff concedes that his 2002 Cadillac DeVille had an expired registration sticker on June 27, 2012. As long as Willett had probable cause to believe that Plaintiff "committed even a very minor criminal offense in his presence," Willett could arrest Plaintiff without violating the Fourth Amendment. *See Davis*, 2011 WL 1692173 at *5 (quoting *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)). Although Plaintiff had already exited his vehicle by the time Willett pulled up, Willett nonetheless had probable cause to seize Plaintiff because Willett observed Plaintiff breaking Illinois law by driving the car.

Because Willet had probable cause, all § 1983 liability against Willett is barred. *See Moorish Nat. Republic: ?Federal Gov't Moorish Divine & Nat. Movement of the World v. City of Chicago*, No. 10-CV-1047, 2011 WL 2893024, at *7 (N.D. Ill. July 19, 2011) (quoting *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007)). Having observed Plaintiff driving the vehicle, Willett was also authorized to request Plaintiff's driver's license, insurance and registration. *See United States v. Muriel*, 418 F.3d 720, 726 (7th Cir. 2005).

Plaintiff's claims against Defendants Perry, Shedore, Cook, and Kerry fail because Plaintiff concedes that they were not present at the time he was initially seized. Personal involvement on the part of each named Defendant is a clearly established requirement under

§ 1983. *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (finding that an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation)).

## CONCLUSION

Probable cause for Plaintiff's arrest defeats his claim of unreasonable seizure. I therefore grant summary judgment in favor of Defendants.

ENTER:

*/s/ James B. Zagel*

James B. Zagel
United States District Judge

DATE: October 27, 2015